# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DUPONT HOSPITAL, LLC d/b/a DUPONT HOSPITAL, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Cause No. 1:19-CV-241-HAB<br>) |
| STACY R. MYERS, | )<br>) |
| Defendant. | )<br>)<br>) |
| STACY R. MYERS, | )<br>) |
| Third-Party Plaintiff, | )<br>) |
| v. | )<br>) |
| BLUEADVANTAGE ADMINISTRATORS OF ARKANSAS, | )<br>)<br>) |
| Third-Party Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on the parties' Stipulation of Dismissal as to the Third-Party Complaint Only (ECF No. 13), filed on July 16, 2019. Because the Stipulation was filed prior to a responsive pleading by Third-Party Defendant Blueadvantage Administrators of Arkansas, the Third-Party Complaint will be dismissed with prejudice under Federal Rule of Civil Procedure 41(C)(2).

The dismissal of the Third-Party Complaint results in the dismissal of all pending federal claims. "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendant state claims." *Williams v.*

*Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendant state-law claims rather than resolving them on the merits"). Yet the court of appeals has discussed "three well-recognized exceptions" to the general rule that "when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts." *Wright*, 29 F.3d at 1252. As the court has explained, occasionally there are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point to a federal decision of the state-law claims on the merits." *Id*.

The first example that the court discussed occurs "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court." *Wright*, 29 F.3d at 1251. That concern is not present here, however, because Indiana law gives a plaintiff three years from the dismissal on jurisdictional grounds of state law claims in federal court in which to refile those claims in state court. *See* Ind. Code § 34-11-8-1.

The second exception recognized in *Wright* applies when "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." 29 F.3d at 1251 (quoting *Graf v. Elgin, Joliet & E. Ry. Co.*, 790 F.2d 1341, 1347–48 (7th Cir. 1986)). Here, the Court has devoted few judicial resources to this matter given the early dismissal of the Third-Party Complaint. Thus, while there clearly are instances in which "a district court should exercise supplemental jurisdiction over pendent state law claims for reason of judicial efficiency," *Miller Aviation v. Milwaukee Cty. Bd. of Supervisors*, 273 F.3d 722, 732 (7th Cir. 2001), this is not one of them.

The third circumstance to which the court of appeals has pointed in which disposition of pendent state law claims may be appropriate "occurs when it is absolutely clear how the pendent claims can be decided." *Wright*, 29 F.3d at 1251. For example, "[i]f the district court, in deciding a federal claim, decides an issue dispositive of a pendent claim, there is no use leaving the latter claim to the state court." *Id*. In addition, if the state-law claims are "patently frivolous," they should be resolved right away in the federal court. *Id*. However, "[i]f the question whether a state-law claim lacks merit is not obvious, comity concerns may dictate relinquishment of jurisdiction." *Id*. The Court concludes that Plaintiff's claim is not patently frivolous. None of the exclusions to the general rule apply, and therefore this case will be remanded.

## CONCLUSION

For the foregoing reasons, the Third-Party Complaint is hereby DISMISSED with prejudice. Plaintiff's claim against Defendant is hereby REMANDED to the Dekalb County, Indiana Superior Court.

SO ORDERED on July 22, 2019.

                                              s/ Holly A. Brady
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT